## EUNICE BARKER v. EGBERT WHEELER.

*Justice's judgment when defendant is in custody—Motion for farther return.*

Where a justice's judgment is rendered within the time that would ordinarily be proper, it cannot on appeal be assumed without proof that he has exceeded his jurisdiction by delaying judgment while the defendant was in custody; and if he in fact did so, an order to compel a farther return should be applied for to show it.

A justice's judgment rendered within four days was held sufficiently regular to sustain an appeal where the parties appeared at the hearing by attorney only, and no objection to an adjournment was shown to have been made, and there was nothing to show that defendant was in custody, and that judgment ought therefore to have been rendered at once.

Error to Shiawassee. Submitted June 16. Decided June 23.

TRESPASS. Plaintiff brings error. Reversed.

*McBride & Fraser* for plaintiff in error.

*M. V. B. Wixom* for defendant in error. Where the statutes require a justice's judgment to be rendered forthwith, it is void if delayed to a later day : *Sibley v. Howard* 3 Den. 72; Tiff. Justice's Guide (3d ed.), 287, 436.

CAMPBELL, J. In this case which was commenced before a justice by warrant, the justice rendered a judgment, after four days' adjournment from the hearing, in favor of defendant. Plaintiff appealed, and the circuit court of Shiawassee county dismissed the appeal on the ground that the defendant was in custody at the time of hearing, and that the justice was bound to render judgment at once, and lost jurisdiction by the adjournment. Comp. L., § 5380.

Assuming it to be true—which we do not now feel warranted in holding without further consideration—that if the defendant had been in actual custody at the hearing the delay

in judgment would have prevented an appeal, we do not think it appears he was in such custody, and as no return was procured from the justice to show how the fact was, it is too late now to assume anything not appearing in derogation of the justice's action. It cannot be assumed the justice exceeded his jurisdiction, where he gave judgment within the time proper in ordinary cases. If he did, there should have been an application to compel a further return.

The record shows that the suit was begun by warrant under which defendant was brought into court November 17, 1879. The cause was adjourned by consent after pleading, until November 21. On that day a written stipulation was made, signed by the attorneys of both parties, which provided that the cause "is hereby adjourned to November 25th, A. D. 1879, at 10 o'clock A. M., without the appearance of either party, at which time it is hereby agreed that the case shall be tried." The return shows the parties appeared at the hearing by attorney. It is fairly to be presumed there was no personal appearance, and if so the rule as to the course to be taken on defendants being in custody could hardly apply, unless in some manner the fact was brought to the attention of the justice. It does not appear that any one objected to the adjournment.

We think therefore that the appeal was valid and should not have been dismissed.

The judgment of dismissal must be reversed with costs and the cause remanded for hearing.

The other Justices concurred.